Form #42

# COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT DEPT. OF THE TRIAL COURT

BRISTOL, ss.

CIVIL ACTION

No. *BRCV2004 -0120-B*

[SEAL]

*GREGORY SOARES* , Plaintiff (s)

v.

*STEPPINGSTONE, INC &*
*KATHLEEN SCHEDLER-CLARK* , Defendant(s)

(TO PLAINTIFF'S ATTORNEY :
PLEASE INDICATE TYPE OF ACTION INVOLVED :—
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER.) *EMPLOYMENT DISCRIM.*

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT: *STEPPINGSTONE, INC.*

You are hereby summoned and required to serve upon *CHRISTOPHER*
*JAMES LOWRIE, ESQ.*
plaintiff's attorney, whose address is *47 MECHANICS LANE NEWBEDFORD, MA 02740*
an answer to the complaint which is herewith served upon you, within (20) days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the office of the Clerk of this
Court at *TAUNTON* either before service upon plaintiff's attorney or within a
reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim
any claim which you may have against the plaintiff which arises out of the transaction or
occurrence that is the subject matter of the plaintiff's claim or you will thereafter be
barred from making such claim in any other action.

Witness, Hon. Suzanne V. Del Vecchio, Adm. Justice of the Superior Court Dept. of the Trial
Court, at Taunton, the *14TH* day of *SEPT*, in the year
of our Lord two thousand and *FOUR*

*9/17/04*    A TRUE ATTESTED COPY *Mary J Savbe, Esq.*

*Magistrate*

BRISTOL COUNTY DEPUTY SHERIFF

NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

2SC 24

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ...................................................., 20    , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d)  (1-5) :

.................................................................................................................................................................

.................................................................................................................................................................

.................................................................................................................................................................

Dated: ................................................, 20    .    ...........................................................................

N.B.   TO PROCESS SERVER: —
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

|  |
|---|
| , 20    . |

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT.
OF THE TRIAL COURT
CIVIL ACTION
No. BRCV2004-01208

GREGORY SOARES ................................, Plaintiff (s)

v.

STERLINGSTONE INC...d..., Defendant (s)
KATHLEEN SCHEDLER - CLERK

SUMMONS
(Mass. R. CIV. P. 4)

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) _BRCV-2004 -0120-B_ | Trial Court of Massachusetts Superior Court Department County: _BRISTOL_ |

**PLAINTIFF(S)**
GREGORY SOARES

**DEFENDANT(S)**
STEPPINGSTONE, INC. &
KATHLEEN SCHEDLER-CLARK

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE (508) 990-7980
KRISTOPHER J. LOWRIE
17 MECHANICS LANE
NEW BEDFORD MA 02740
Board of Bar Overseers number: 306380

ATTORNEY (if known)

## Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
| --- | --- | --- | --- |
| B22 | Employment Discrimination | (F) | (X) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
Subtotal $ . . . . . . . . . . . .

Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . $
Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . $
Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . $
Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
Other documented items of damages (describe)
$

Brief description of plaintiff's injury, including nature and extent of injury (describe)
AS A CONSEQUENCE OF DEFENDANTS' DISCRIMINATION & WRONGFUL
TERMINATION, PLAINTIFF HAS SUFFERED SEVERE EMOTIONAL DISTRESS, $
LOST WAGES/BENEFITS, MEDICAL/HEALTH INS. EXPENSES, &
HAS BEEN OTHERWISE DAMAGED.

TOTAL $ 250,000+

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Christopher J Lowrie_    DATE: 9/10/04
9/10/04

TC-6 mtc005-11/99

## CIVIL ACTION COVER SHEET
### INSTRUCTIONS

## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| CONTRACT | | | REAL PROPERTY | | | MISCELLANEOUS | | |
|---|---|---|---|---|---|---|---|---|
| A01 | Services, labor and materials | (F) | C01 | Land taking (eminent domain) | (F) | E02 | Appeal from administrative | (X) |
| A02 | Goods sold and delivered | (F) | C02 | Zoning Appeal, G.L. c.40A | (F) | | Agency G.L. c. 30A | |
| A03 | Commercial Paper | (F) | C03 | Dispute concerning title | (F) | E03 | Action against Commonwealth | |
| A08 | Sale or lease of real estate | (F) | C04 | Foreclosure of mortgage | (X) | | Municipality, G.L.c.258 | (A) |
| A12 | Construction Dispute | (A) | C05 | Condominium lien and charges | (X) | E05 | All Arbitration | (X) |
| A99 | Other (Specify) | (F) | C99 | Other (Specify) | (F) | E07 | c.112,s.12S (Mary Moe) | (X) |
| | **TORT** | | | | | E08 | Appointment of Receiver | (X) |
| B03 | Motor Vehicle negligence- | | | **EQUITABLE REMEDIES** | | E09 | General contractor bond, | |
| | personal injury/property damage | (F) | D01 | Specific performance of contract | (A) | | G.L. c.149,s.29,29a | (A) |
| B04 | Other negligence-personal | | D02 | Reach and Apply | (F) | E11 | Workman's Compensation | (X) |
| | injury/property damage | (F) | D06 | Contribution or Indemnification | (F) | E14 | Chapter 123A Petition-SDP | (X) |
| B05 | Products Liability | (A) | D07 | Imposition of Trust | (A) | E15 | Abuse Petition, G.L.c.209A | (X) |
| B06 | Malpractice-medical | (A) | D08 | Minority Stockholder's Suit | (A) | E16 | Auto Surcharge Appeal | (X) |
| B07 | Malpractice-other(Specify) | (A) | D10 | Accounting | (A) | E17 | Civil Rights Act, G.L.c.12,s.11H | (A) |
| B08 | Wrongful death,G.L.c.229,s2A | (A) | D12 | Dissolution of Partnership | (F) | E18 | Foreign Discovery proceeding | (X) |
| B15 | Defamation (Libel-Slander) | (A) | D13 | Declaratory Judgment G.L.c.231A | (A) | E96 | Prisoner Cases | (F) |
| B19 | Asbestos | (A) | D99 | Other (Specify) | (F) | E97 | Prisoner Habeas Corpus | (X) |
| B20 | Personal Injury-Slip&Fall | (F) | | | | E99 | Other (Specify) | (X) |
| B21 | Environmental | (A) | | | | | | |
| B22 | Employment Discrimination | (F) | | | | | | |
| B99 | Other (Specify) | (F) | | | | | | |

## TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☒ Yes ☐ No |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.

## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
### MAY RESULT IN DISMISSAL OF THIS ACTION.

# Commonwealth of Massachusetts
## County of Bristol
## The Superior Court

CIVIL DOCKET# **BRCV2004-01020-B**

RE:    **Soares v Steppingstone, Inc. et al**

TO: Christopher J Lowrie, Esquire
    47 Mechanics Lane
    New Bedford, MA 02740

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 12/13/2004 |
| Response to the complaint filed (also see MRCP 12) | 02/11/2005 |
| All motions under MRCP 12, 19, and 20 filed | 02/11/2005 |
| All motions under MRCP 15 filed | 02/11/2005 |
| All discovery requests and depositions completed | 07/11/2005 |
| All motions under MRCP 56 served and heard | 08/10/2005 |
| Final pre-trial conference held and firm trial date set | 09/09/2005 |
| Case disposed | 11/08/2005 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session **B** sitting in **CtRm 2 (Fall River) at Bristol Superior Court.**

Dated: 09/14/2004

                                           Marc J. Santos
                                        Clerk of the Courts

                                      BY: Mark A. Ferriera
                                          Assistant Clerk

Location: CtRm 2 (Fall River)
Telephone: (508) 672-4464

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtracf_2.wpd 415263.inidoc01 celeste

# COMMONWEALTH OF MASSACHUSETTS
## The Trial Court

**BRISTOL, ss.**

**SUPERIOR COURT**
**Bristol Division**
C.A.No. _BACU2004 – 0120 – Ł_

| | |
|---|---|
| **GREGORY SOARES,**<br>     Plaintiff, ) | |
| | ) |
| **v.** ) | **COMPLAINT**<br>**&**<br>**JURY CLAIM** |
| **STEPPINGSTONE, INC.** )<br>     Defendant ) | |
| **&** )<br>**KATHLEEN SCHEDLER-CLARK,** )<br>     Defendant, ) | |

## COMPLAINT AND JURY CLAIM
## INTRODUCTION

This is an action brought by the Plaintiff, Gregory Soares, against his former

employer, Defendant, Steppingstone, Inc. and his former supervisor, Kathleen

Schedler-Clark, Executive Director, in both her official and individual/personal

capacities, for unlawful workplace handicap discrimination, hostile work environment,

unlawful retaliation, and wrongful termination, in violation of the Massachusetts Fair

1

Employment Practices Act, M.G.L. c. 151B §4(4), (4A), (5), (16) and §9.

The Plaintiff seeks retroactive reinstatement into his former position, or an acceptable equivalent position, via injunctive relief, plus retroactive seniority/benefits, as well as compensation for all lost wages/benefits, front pay/continuing future lost wages/benefits, medical/medical insurance expenses, severe emotional distress, loss of personal and professional reputations, punitive damages, attorney's fees/costs, interest, and such other damages/relief as may be just and proper.

## PARTIES

1. The Plaintiff, Gregory Soares is a handicapped person residing in Wakefield, Rhode Island.

2. Defendant, Steppingstone, Inc. is a Massachusetts corporation, having a principle place of business at 466 N. Main Street, Fall River, Bristol County, Massachusetts 02720, and was the Plaintiff's employer up until May 22, 2003.

3. Defendant, Kathleen Schedler-Clark is the Executive Director of Defendant Steppingstone, Inc. and, at all times material hereto, supervised the Plaintiff in the performance of his duties. She is sued herein in both her official and individual/personal

2

capacities.

## JURISDICTION AND VENUE

4. This suit is brought and jurisdiction is founded upon The Massachusetts Fair Employment Practices Act, M.G. L. c.151B §4(4), (4A), (5), (16) and §9.

5. Venue is proper in this Court pursuant to M.G.L. c. 151B §9, inasmuch as the unlawful discriminatory acts complained of by the Plaintiff occurred in Fall River, Bristol County, Massachusetts.

6. On September 10, 2003, the Plaintiff filed a Charge of Discrimination against the Defendants with the Massachusetts Commission Against Discrimination ("MCAD") and the United States Equal Employment Opportunity Commission ("EEOC") based on the handicap/disability/age/ discrimination and unlawful retaliation to which he had been unlawfully subjected by the Defendants during the course of his employment.

7. Inasmuch as there has been no resolution of the Plaintiff's Charge Of Discrimination, despite the fact that it has been pending for more than 90 days, the Plaintiff has exercised his statutory right, pursuant to M.G.L. c. 151B §9, to file this civil action

3

against the Defendants and has requested the MCAD and EEOC to administratively close his Charge.

## **FACTUAL ALLEGATIONS**

8.  The Plaintiff repeats, re-alleges and incorporates by reference, all information recited above, as if set forth herein

9. The Plaintiff was employed by the Defendants, as Clinical Director, from December 13, 2000, until he was discharged by the Defendants on May 22, 2003.

10. The Defendants employed 6 or more employees at the location where the Plaintiff was employed.

11. In performing his duties for Defendant Steppingstone, Inc., the Plaintiff was supervised by Defendant Kathleen Schedler-Clark, Executive Director.

12.  During the course of his employment, the Plaintiff suffered from various handicapping physical impairments, and had a history of such impairments, for which he underwent treatment/medication, including Multiple Sclerosis, Optic Neuritis, and

4

chronic back pain. These impairments had the effect of substantially limiting the Plaintiff's ability to perform one or more major life activities in various ways, including working, concentrating, thinking, sitting, moving, seeing, sleeping, and performing physical tasks, etc. Accordingly, the Plaintiff was a handicapped person.

13. The Plaintiff was able to perform the essential functions of his position, with or without reasonable accommodation. Accordingly, the Plaintiff was a qualified handicapped person.

14. Prior to their discharge of the Plaintiff from his position, and their preceding imposition of discriminatory discipline, the Defendants were aware of the Plaintiff's handicapping impairments and his history of such impairments. The Defendants also made statements and engaged in conduct which indicated that they regarded the Plaintiff as a person having handicapping impairments.

15. On various occasions during the course of his employment, the Plaintiff engaged in activity protected by M.G.L. c. 151B, by opposing and complaining to the Defendants about discriminatory practices forbidden under M.G.L. c. 151B. e.g. On February 19, 2003, through a letter faxed by his attorney, the Plaintiff

5

submitted a written discrimination complaint, and request for additional reasonable accommodations, to the Defendants.  On  May 12, 2003, the Plaintiff submitted an additional written discrimination complaint and request for additional reasonable accommodations, to the Defendants, through a letter e-mailed by his attorney,. The Defendants, with  knowledge of the Plaintiff's prior protected activity,  subsequently retaliated against the Plaintiff in the terms and conditions of his employment, subjected him to a hostile work environment, refused to grant the Plaintiff's requested reasonable accommodations,  even though they would not have constituted an undue hardship, and unjustifiably disciplined/terminated the Plaintiff because of his protected activity.

16. On various and diverse occasions during the course of the Plaintiff's employment, on a continuing basis between on or about late September 2001 and the Plaintiff's May 22, 2003 termination, the Defendants unlawfully discriminated against the Plaintiff in the terms and conditions of his employment, on account of his handicaps, unlawfully denied the Plaintiff's requests for reasonable accommodations, unlawfully retaliated against the Plaintiff on account of his prior protected activity under c. 151B,  and unlawfully subjected the Plaintiff to a hostile work environment. These unlawful actions by the Defendants include, but are not limited to, those repeated actions

6

described in paragraphs 17 through 44 below.

17. The Defendants unjustifiably held the Plaintiff to a higher standard, which was not even complied with by his superior, Defendant Kathleen Schedler-Clark, and continued to treat the Plaintiff disparately and to subject him to an extremely hostile work environment by singling him out for unwarranted scrutiny, criticism, discipline, and lack of necessary guidance/support. In so doing, the Defendants treated the Plaintiff disparately and far more harshly than other employees, who were not members of his legally protected groups.

18. The Defendants treated the Plaintiff in a hostile/condescending/demeaning manner and unjustifiably berated/criticized him in front of others at meetings, to the point where persons in attendance spontaneously told the Plaintiff that they were embarrassed by the way he was being publicly demeaned/humiliated by the Defendants. In so doing, the Defendants treated the Plaintiff disparately and far more harshly than other employees, who were not members of his legally protected groups.

19.  The Defendants unjustifiably imposed artificially short unreasonable time constraints on the Plaintiff for the completion of excessive amounts of work, which

7

were impossible to complete within the artificially limited allotted time, unjustifiably denied his requests for additional time, and in so doing, the Defendants treated the Plaintiff disparately and far more harshly than other employees, who were not members of his legally protected groups.

20. The Defendants refused to provide the Plaintiff with necessary requested guidance, support, and assistance, and in refusing to allow him to delegate the performance of certain appropriate tasks to others, and in unjustifiably disciplining/writing the Plaintiff up for having done so, the Defendants treated the Plaintiff disparately and far more harshly than other employees, who were not members of his legally protected groups.

21. The Defendants treated the Plaintiff disparately and far more harshly than other employees, who are not members of his legally protected groups, by failing to equally recognize and reward his many positive accomplishments, and by instead continuing to unjustifiably over-scrutinize, criticize and nit-pick his work and to deny the Plaintiff necessary support, guidance and assistance.

22. The Defendants unjustifiably criticized and blamed the Plaintiff for things over which he had no control, and for which he was not responsible, and thereby treated the

8

Plaintiff disparately and far more harshly than other employees, who were not members of his legally protected groups.

23. The Defendants unjustifiably criticized and admonished the Plaintiff for having taken time off from work, which was necessitated by his handicapping disabilities, subjected him to a hostile work environment on account of it, and thereby treated the Plaintiff disparately and far more harshly than other employees, who were not members of his legally protected groups.

24. The Defendants subjected the Plaintiff to a hostile work environment, on account of his handicaps and prior protected activity, in which the Plaintiff was unjustifiably scrutinized, nitpicked, criticized, denied essential requested support and assistance, publicly embarrassed and humiliated/demeaned at meetings, and sent hostile/nasty notes and memoranda unjustifiably criticizing and blaming him for things over which he had no control, and for which he was not responsible. In so doing, the Defendants treated the Plaintiff disparately and far more harshly than other employees, who were not members of his legally protected groups.

25. On or about August, 2001, Defendant Kathleen Schedler-Clark observed the Plaintiff parking his vehicle in a handicapped parking space at Defendants' place of employment, and inquired as to whether he had a handicap. The Plaintiff responded by informing Defendant Kathleen Schedler-Clark that he had Multiple Sclerosis ("MS"), and therefore had a handicapped parking permit for his vehicle.

26. On or about late September, 2001, the Defendants unlawfully denied the Plaintiff's request for reasonable accommodation of his MS handicap, concerning his need to retain the air conditioner in his office, and further discriminated against the Plaintiff and subjected him to a hostile work environment by falsely accusing him of "insubordination".

27. On or about June 11, 2002 the Defendants took unjustified discriminatory adverse personnel action against the Plaintiff by issuing him an Employee Disciplinary Report /Written Warning with no prior warning, counseling, or less drastic form of discipline. In so doing, the Defendants treated the Plaintiff disparately and far more harshly than other employees, who were not members of his legally protected groups, and who had actually committed equally or more serious violations than that of which the Plaintiff

was falsely accused. These other employees have unjustifiably received far more lenient treatment or no punishment at all. Also, in so doing, the Defendants violated and failed to follow their own past policy/practice of progressive discipline, which has instead been disparately applied to these other persons to afford them the benefit of more lenient treatment.

28. The reasons which the Defendants have proffered for the Plaintiff's June 11, 2002 Employee Disciplinary Report /Written Warning are false and pretextual for unlawful discrimination and retaliation.

29. On or about October 1, 2002 the Defendants took unjustified discriminatory adverse personnel action against the Plaintiff by issuing him an Employee Disciplinary Report /Written Warning, with no prior warning, counseling, or less drastic form of discipline. In so doing, the Defendants treated the Plaintiff disparately and far more harshly than other employees, who were not members of his legally protected groups, and who have actually committed equally or more serious violations than that of which the Plaintiff was falsely accused. These other employees have unjustifiably received far more lenient treatment or no punishment at all. Also, in so doing, the Defendants violated and failed to follow their own past policy/practice of progressive discipline, which has

instead been disparately applied to these other persons to afford them the benefit of more lenient treatment.

30. The reasons which the Defendants have proffered for the Plaintiff's October 1, 2002 Employee Disciplinary Report /Written Warning are false and pretextual for unlawful discrimination and retaliation.

31. On or about January 29, 2003 the Plaintiff submitted correspondence to the Defendants from Dr. Jonathan Martin requesting that the Plaintiff's neurologic condition (MS) be accommodated by his not being required to work more than 8 hours/day and 40 hours/week. The Defendants unlawfully discriminated against the Plaintiff by failing to provide the requested reasonable accommodations even though they would not have constituted an undue hardship.

32. On or about January 31, 2003, following the Defendant's failure to provide previously requested reasonable accommodations, the Plaintiff submitted another letter to the Defendants from Dr. Jonathan Martin in which the doctor informed the Defendants that "...a failure to respect Mr. Soares' limitations may have a direct negative impact on his neurologic health such as an employer who ignores the

recommendations should do so accepting direct medical responsibility for any consequences that arise".

33. Following his submission of the two aforementioned letters from Dr. Jonathan Martin to the Defendants, the Plaintiff had a conversation with Defendant Kathleen Schedler-Clark concerning his request for a modification of his work hours, as a reasonable accommodation. She responded by accusing/admonishing the Plaintiff for "playing the MS card again", which further evidenced the Defendants' angst/bias against the Plaintiff on account of his Multiple Sclerosis handicap and need for reasonable accommodations.

34. On or about February 14, 2003, the Defendants once again unlawfully discriminated against the Plaintiff by issuing him a memorandum denying his request for reasonable accommodations and thereby refused to allow the Plaintiff a small amount of additional time in which to complete previously assigned tasks, even though it would not have constituted an undue hardship.

35. On or about February 27, 2003, the Defendants took unjustified adverse disciplinary personnel action against the Plaintiff by issuing him a Written Warning,

13

with no prior warning, counseling, or less drastic form of discipline. In so doing, the Defendants treated the Plaintiff disparately and far more harshly than other employees, who are not members of his legally protected groups, and who have actually committed equally or more serious violations than that of which the Plaintiff was falsely accused. These other employees have unjustifiably received far more lenient treatment or no punishment at all. Also, in so doing, the Defendants violated and failed to follow their own past policy/practice of progressive discipline, which has instead been disparately applied to these other persons to afford them the benefit of more lenient treatment.

36. The reasons which the Defendants have proffered for the Plaintiff's February 27, 2003 Written Warning are false and pretextual for unlawful discrimination and retaliation.

37. By letter through counsel dated May 7, 2003, the Defendants requested that the Plaintiff provide medical information from his doctor by May 14, 2003, concerning the Plaintiff's handicapping medical impairments.

38. On or about May 12, 2003 the Plaintiff, through counsel, sent an e-mail to the Defendants, in response to the Defendants' May 7, 2003 letter.  In that e-mail, the

Plaintiff requested an extension of time, until at least May 24, 2003, for the submission

of the requested medical information, as a reasonable accommodation, inasmuch as the

Plaintiff's doctor had indicated that it was not possible for him to furnish the

information until that time frame.  The Plaintiff also reiterated his continuing request for

the reasonable accommodations which had been previously requested by him, as well

as the additional ones which would be reflected by the Plaintiff's upcoming doctor's

letter/report. The Plaintiff also requested that he not be subjected to any additional acts

of discrimination or retaliation in his workplace.


39. The Defendants never replied to the Plaintiff's May 12, 2003 e-mailed request for

reasonable accommodations and an additional 10 days' time for his doctor to submit

the requested information concerning his handicapping medical impairments, and

never granted the Plaintiff's reasonable request, despite the fact that it would not have

caused any undue hardship.  Instead, without prior warning or communication, the

Defendants informed the Plaintiff on May 22, 2003 that they had terminated his

employment as of that date based upon alleged "poor job performance".


40. The reason which the Defendants have proffered for the Plaintiff's termination is

false and pretextual for unlawful discrimination and retaliation.

15

41. In terminating the Plaintiff on May 22, 2003, for falsely and pretextually alleged "poor job performance", with no prior warning, counseling, or less drastic form of discipline, the Defendants treated the Plaintiff disparately and far more harshly than other employees, who were not members of his legally protected groups, and who have actually committed equally or more serious violations than that of which the Plaintiff was falsely accused. These other employees have unjustifiably received far more lenient treatment or no punishment at all. Also, in so doing, the Defendants violated and failed to follow their own past policy/practice of progressive discipline, which has instead been disparately applied to these other persons to afford them the benefit of more lenient treatment.

42. By failing to provide the Plaintiff with two weeks' advance notice of his May 22, 2003 termination, and instead making it immediately effective with no advance notice whatsoever, the Defendants violated and failed to follow their own established personnel policy and treated the Plaintiff disparately and far more harshly than other employees, who were not members of his legally protected groups.

16

43. Defendant Kathleen Schedler-Clark and Defendant Steppingstone Inc. coerced, intimidated, threatened, or interfered with the Plaintiff in the exercise or enjoyment of rights granted or protected by Chapter 151B.

44. Defendant Kathleen Schedler-Clark and Defendant Steppingstone Inc. coerced, intimidated, threatened, or interfered with the Plaintiff in the exercise or enjoyment of rights granted or protected by Chapter 151B.

## COUNT I - VIOLATION OF M.G.L. c. 151B
## UNLAWFUL HANDICAP DISCRIMINATION AGAINST
## DEFENDANT STEPPINGSTONE, INC.

45. The Plaintiff repeats, re-alleges and incorporates by reference, all information recited above, as if set forth herein

46. M.G.L. c. 151 B §4 (16) prohibits an employer personally or through an agent from dismissing from employment or otherwise discriminating against a person because of their handicap.

47. Defendant Steppingstone, Inc. , through its acts and those of its agents, violated c.

17

151B §4 (16) by dismissing the Plaintiff from employment and otherwise discriminating against him, because of his handicaps.

48. Defendant Steppingstone, Inc., through its acts and those of its agents, violated c. 151B §4 (16) by dismissing the Plaintiff from employment, and otherwise discriminating against him, because of his handicaps, through outrageous, malicious, oppressive conduct, in reckless disregard of the Plaintiff's rights or in callous indifference to the rights of the Plaintiff. Accordingly, the Plaintiff is entitled to punitive damages pursuant to c. 151B §9.

49. As a result of the conduct of Defendant Steppingstone, Inc, the Plaintiff has been greatly damaged and has suffered and continues to suffer great mental anguish, loss of enjoyment of life, severe and continuing emotional distress, lost past and future wages/benefits, medical expenses, loss of personal and professional reputations, economic hardship, attorney's fees/costs, and has been otherwise damaged.

**WHEREFORE**, the Plaintiff hereby demands judgment for reinstatement into his position, via injunctive relief, or an acceptable substantially equivalent position,

18