UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2004 OCT -7 P 4: 43
U.S. DISTRICT COURT
DISTRICT OF MASS.

GREGORY SOARES, )
 )
   Plaintiff, )
 )
v. )    Civil Action No. 04-12100 -RCL
 )
STEPPINGSTONE, INC. and )
KATHLEEN SCHEDLER-CLARK, )
 )
   Defendants. )

## ANSWER OF THE DEFENDANT, STEPPINGSTONE, INC., TO THE PLAINTIFF'S COMPLAINT

### Introduction

The defendant, Steppingstone, Inc., denies the allegations contained in the Introduction to the plaintiff's Complaint and denies that the plaintiff is entitled to any relief whatsoever.

The defendant responds to each of the separately numbered paragraphs of the plaintiff's Complaint as follows:

### Parties

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the plaintiff's Complaint and, therefore, denies same.

2. The defendant admits that it is a Massachusetts corporation with a principal place of business at 466 North Main Street, Fall River, Bristol County, Massachusetts. The defendant admits that the plaintiff was an employee from on or about December 13, 2000 to on or about May 22, 2003. The defendant denies the remaining allegations set forth in Paragraph 2 of the plaintiff's Complaint.

3. The defendant admits that Kathleen Schedler-Clark is the Executive Director of Steppingstone, Inc. and that she, at times, supervised the plaintiff. The defendant further states that to the extent that the allegations in Paragraph 3 state a legal conclusion, no response is required. The defendant denies any allegations not specifically admitted in response to Paragraph 3 of the plaintiff's Complaint.

## Jurisdiction and Venue

4. Paragraph 4 of the plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, the defendant calls upon the plaintiff to prove his assertion.

5. Paragraph 5 of the plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, the defendant denies the allegations set forth in Paragraph 5 of the Complaint.

6. The defendant admits that the plaintiff filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination and the United States Equal Employment Opportunity Commission on or about September 10, 2003. The defendant denies the allegations set forth in the plaintiff's Charge of Discrimination. The defendant further denies any allegations not specifically admitted in response to Paragraph 6 of the plaintiff's Complaint.

7. Paragraph 7 of the plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, the defendant calls upon the plaintiff to prove his assertion.

## Factual Allegations

8. The defendant incorporates herein by reference its responses to paragraphs 1-7 of the plaintiff's Complaint as if fully set forth herein.

9. The defendant admits that Steppingstone, Inc. employed the plaintiff as Clinical Director from on or about December 13, 2000 to on or about May 22, 2003. The defendant denies the remaining allegations set forth in Paragraph 9 of the plaintiff's Complaint.

10. The defendant admits that it employed six or more persons. The defendant denies the remaining allegations set forth in Paragraph 10 of the plaintiff's Complaint.

11. The defendant admits that Kathleen Schedler-Clark was the plaintiff's supervisor. The defendant denies the remaining allegations set forth in Paragraph 11 of the plaintiff's Complaint.

12. The defendant is without knowledge or information sufficient to form a belief as to the truth of the plaintiff's allegations relating to his alleged "impairments" and, therefore, denies same. The defendant further states that to the extent that the allegations in Paragraph 12 state a legal conclusion, no response is required. The defendant denies any allegations not specifically admitted in response to Paragraph 12 of the plaintiff's Complaint.

13. The defendant denies the allegations set forth in Paragraph 13 of the plaintiff's Complaint.

14. The defendant denies the allegations set forth in Paragraph 14 of the plaintiff's Complaint.

15. The defendant admits that plaintiff's counsel sent a letter by facsimile, dated February 19, 2003 to the defendant. The defendant further admits that plaintiff's counsel sent an email to defendant's counsel, dated May 12, 2003. The defendant asserts that the February 19, 2003 letter and May 12, 2003 email speak for themselves. The defendant denies the remaining allegations set forth in Paragraph 15 of the plaintiff's Complaint.

16. The defendant denies the allegations set forth in Paragraph 16 of the plaintiff's Complaint.

17. The defendant denies the allegations set forth in Paragraph 17 of the plaintiff's Complaint.

18. The defendant denies the allegations set forth in Paragraph 18 of the plaintiff's Complaint.

19. The defendant denies the allegations set forth in Paragraph 19 of the plaintiff's Complaint.

20. The defendant denies the allegations set forth in Paragraph 20 of the plaintiff's Complaint.

21. The defendant denies the allegations set forth in Paragraph 21 of the plaintiff's Complaint.

22. The defendant denies the allegations set forth in Paragraph 22 of the plaintiff's Complaint.

23. The defendant denies the allegations set forth in Paragraph 23 of the plaintiff's Complaint.

24. The defendant denies the allegations set forth in Paragraph 24 of the plaintiff's Complaint.

25. The defendant denies the allegations set forth in Paragraph 25 of the plaintiff's Complaint.

26. The defendant denies the allegations set forth in Paragraph 26 of the plaintiff's Complaint.

27. The defendant admits that it issued an Employee Disciplinary Report, dated June 11, 2002. The defendant asserts that the Employee Disciplinary Report dated June 11, 2002 speaks for itself. The defendant denies the remaining allegations set forth in Paragraph 27 of the plaintiff's Complaint.

28. The defendant denies the allegations set forth in Paragraph 28 of the plaintiff's Complaint.

29. The defendant admits that it issued an Employee Disciplinary Report, dated October 1, 2002. The defendant asserts that the Employee Disciplinary Report, dated October 1, 2002, speaks for itself. The defendant denies the remaining allegations set forth in Paragraph 29 of the plaintiff's Complaint.

30. The defendant denies the allegations set forth in Paragraph 30 of the plaintiff's Complaint.

31. The defendant admits that the plaintiff provided it a letter from Dr. Jonathan Martin, dated January 29, 2003. The defendant asserts that the January 29, 2003 letter from Dr. Martin speaks for itself. The defendant denies the remaining allegations set forth in Paragraph 31 of the plaintiff's Complaint.

32. The defendant admits that the plaintiff provided it a letter from Dr. Martin, dated January 31, 2003. The defendant asserts that the January 31, 2003 letter from Dr. Martin speaks for itself. The defendant denies the remaining allegations set forth in Paragraph 32 of the plaintiff's Complaint.

33. The defendant denies the allegations set forth in Paragraph 33 of the plaintiff's Complaint.

34. The defendant admits that it issued a memorandum, dated July 14, 2003, to the plaintiff. The defendant asserts that the memorandum, dated July 14, 2003, speaks for itself. The defendant denies the remaining allegations set forth in Paragraph 34 of the plaintiff's Complaint.

35. The defendant denies the allegations set forth in Paragraph 35 of the plaintiff's Complaint.

36. The defendant denies the allegations set forth in Paragraph 36 of the plaintiff's Complaint.

37. The defendant admits that its counsel sent a letter to plaintiff's counsel, dated May 7, 2003. The defendant asserts that the May 7, 2003 letter from defense counsel to plaintiff's counsel speaks for itself. The defendant denies the remaining allegations set forth in Paragraph 37 of the plaintiff's Complaint.

38. The defendant admits that plaintiff's counsel sent an email to the defendants' counsel, dated May 12, 2003. The defendant asserts that the May 12, 2003 email from plaintiff's counsel to defense counsel speaks for itself. The defendant denies the remaining allegations set forth in Paragraph 38 of the plaintiff's Complaint.

39. The defendant admits that the plaintiff was terminated on or about May 22, 2003. The defendant denies the remaining allegations set forth in Paragraph 39 of the plaintiff's Complaint.

40. The defendant denies the allegations set forth in Paragraph 40 of the plaintiff's Complaint.

41. The defendant denies the allegations set forth in Paragraph 41 of the plaintiff's Complaint.

42. The defendant denies the allegations set forth in Paragraph 42 of the plaintiff's Complaint.

43. The defendant denies the allegations set forth in Paragraph 43 of the plaintiff's Complaint.

44. The defendant denies the allegations set forth in Paragraph 44 of the plaintiff's Complaint.

## COUNT I

45. The defendant incorporates herein by reference its responses to paragraphs 1-44 of the plaintiff's Complaint as if fully set forth herein.

46. Paragraph 46 of the plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, the defendant calls upon the plaintiff to prove his assertion.

5

47. The defendant denies the allegations set forth in Paragraph 47 of the plaintiff's Complaint.

48. The defendant denies the allegations set forth in Paragraph 48 of the plaintiff's Complaint. The defendant further denies that the plaintiff is entitled to the relief requested.

49. The defendant denies the allegations set forth in Paragraph 49 of the plaintiff's Complaint. The defendant further denies that the plaintiff is entitled to any relief whatsoever.

WHEREFORE, the plaintiff is not entitled to any relief from the defendant and the defendant specifically denies each and every of the plaintiff's requests for relief.

## COUNT II

50. The defendant incorporates herein by reference its responses to paragraphs 1-49 of the plaintiff's Complaint as if fully set forth herein.

51. Paragraph 51 of the plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, the defendant calls upon the plaintiff to prove his assertion.

52. The defendant denies the allegations set forth in Paragraph 52 of the plaintiff's Complaint.

53. The defendant denies the allegations set forth in Paragraph 53 of the plaintiff's Complaint. The defendant further denies that the plaintiff is entitled to the relief requested.

54. The defendant denies the allegations set forth in Paragraph 54 of the plaintiff's Complaint. The defendant further denies that the plaintiff is entitled to the relief requested whatsoever.

WHEREFORE, the plaintiff is not entitled to any relief from the defendant and the defendant specifically denies each and every of the plaintiff's requests for relief.

## COUNT IV (sic)

55. The defendant incorporates herein by reference its responses to paragraphs 1-54 of the plaintiff's Complaint as if fully set forth herein.

56. To the extent that Paragraph 56 of the plaintiff's Complaint states a legal conclusion, no response is required. The defendant denies the remaining allegations set forth in Paragraph 56 of the plaintiff's complaint.

57. To the extent that Paragraph 57 of the plaintiff's Complaint states a legal conclusion, no response is required. The defendant denies the remaining allegations set forth in Paragraph 57 of the plaintiff's complaint.

58. The defendant denies the allegations set forth in Paragraph 58 of the plaintiff's Complaint. The defendant further denies that the plaintiff is entitled to the relief requested.

59. The defendant denies the allegations set forth in Paragraph 59 of the plaintiff's Complaint. The defendant further denies that the plaintiff to any relief whatsoever.

WHEREFORE, the plaintiff is not entitled to any relief from the defendant and the defendant specifically denies each and every of the plaintiff's requests for relief.

## COUNT III (sic)

60. The defendant incorporates herein by reference its responses to paragraphs 1-59 of the plaintiff's Complaint as if fully set forth herein.

61. Paragraph 61 of the plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, the defendant calls upon the plaintiff to prove his assertion.

62. The defendant denies the allegations set forth in Paragraph 62 of the plaintiff's Complaint.

63. The defendant denies the allegations set forth in Paragraph 63 of the plaintiff's Complaint. The defendant further denies that the plaintiff is entitled to the relief requested.

64. The defendant denies the allegations set forth in Paragraph 64 of the plaintiff's Complaint. The defendant further denies that the plaintiff is entitled to any relief whatsoever.

WHEREFORE, the plaintiff is not entitled to any relief from the defendant and the defendant specifically denies each and every of the plaintiff's requests for relief.

## AFFIRMATIVE DEFENSES

The defendant having denied each and every allegation not specifically admitted to above, for its affirmative defenses states and alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's Complaint and each respective count thereof fails to state a cause of action for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

If the plaintiff suffered damages as alleged in the Complaint, which the defendant expressly denies, then the damages were caused by a third person(s) over whom the defendant had no control and for whom the defendant is not legally responsible.

### THIRD AFFIRMATIVE DEFENSE

Any claim for punitive damages is in violation of the provisions of the United States Constitution and the Constitution of the Commonwealth of Massachusetts and, therefore, the plaintiff is not entitled to recover for any claims for punitive damages.

### FOURTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff's claims are barred by the applicable statute of limitations and/or any other applicable statutory time limits.

### FIFTH AFFIRMATIVE DEFENSE

If the defendant's actions as alleged in the Complaint actually occurred, which the defendant expressly denies, then the defendant is not liable because its actions were justified.

## SIXTH AFFIRMATIVE DEFENSE

If the defendant's actions as alleged in the Complaint actually occurred, which the defendant expressly denies, then the defendant is not liable because it had a legitimate, non-discriminatory reason for its actions.

## SEVENTH AFFIRMATIVE DEFENSE

If the defendant's actions as alleged in the Complaint actually occurred, which the defendant expressly denies, then the defendant is not liable because it had no less discriminatory alternative course of action available to it.

## EIGHTH AFFIRMATIVE DEFENSE

If the defendant's actions as alleged in the Complaint actually occurred, which the defendant expressly denies, then the defendant is not liable because it had no discriminatory intent.

**THE DEFENDANT DEMANDS A TRIAL BY JURY.**

The Defendant,
STEPPINGSTONE, INC.,
By its attorneys,

_____
Jennifer Ellis Burke
B.B.O. #554632
Eric M. Chodkowski
B.B.O. #648629
Taylor, Duane, Barton & Gilman, LLP
160 Federal Street, 5th Floor
Boston, Massachusetts 02110
(617) 654-8200

### CERTIFICATE OF SERVICE

I, Eric M. Chodkowski, attorney for the defendant, Steppingstone, Inc., hereby certify that on October 7, 2004, I mailed a copy of the foregoing document by first class mail, postage prepaid, to Christopher J. Lowrie, Esq. and Susan S. Andrew, Esq., 4 Mechanics Street, New Bedford, MA 02740.

_____
Eric M. Chodkowski

9